42 F.3d 1403
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Jose BERNABE-RAMIREZ, Defendant-Appellant.
 No. 91-50333.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 31, 1994.
Decided Nov. 30, 1994.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernabe-Ramirez appeals his conviction for kidnaping, 18 U.S.C. Sec. 1201(a)(5), being an accessory after the fact, 18 U.S.C. Sec. 3, and committing violent crimes in aid of racketeering activity, 18 U.S.C. Sec. 1959. We affirm.
 
 
 3
 1. We need not address the alleged violation of Fed.R.Evid. 606(b), because even taking the averments in Juror Parris' affidavit as true, there would be no reason to declare a mistrial. In skimming newspaper headlines, the jurors were carrying out the court's instruction, and the jurors' exposure to newspaper accounts criticizing their prior verdicts increased their vigilance. The bailiff's comment to juror Parris presents a closer question, but as the district court explained in its well-reasoned opinion below, it was as much a commentary on his bias as a government agent as a disclosure of his views about the guilt of any one of the four defendants. See United States v. Caro-Quintero, 769 F.Supp. 1564, 1581 (C.D.Cal.1991). Finally, knowledge of Bernabe-Ramirez's codefendant's prior conviction for an unknown crime could not have affected Bernabe-Ramirez's verdict any more than the jury's own decision to render a guilty verdict against two other defendants in the very case before it. The district court correctly found that these extrinsic materials could not possibly have tainted the verdict. See United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981).
 
 
 4
 2. We have carefully reviewed the record and determined that there was sufficient evidence for a reasonable jury to find Bernabe-Ramirez guilty beyond a reasonable doubt on all counts. Bernabe-Ramirez acted as an accessory after the fact, both by defending Caro-Quintero at the Guadalajara Airport and by helping Fonseca in his flight to Puerto Vallarta. See GER 50, 51, 135, 139, 252, 299-300. By his own admission, Bernabe-Ramirez was a sufficiently active participant in the detention of Camarena for the jury to find him guilty of kidnaping, which suffices as the predicate act for the racketeering conviction. He was present in the room where DEA agent Camarena was being held; indeed, he saw Camarena "all bloody ... the shit knocked out of him," and he was present long enough to ascertain with some certainty that "Lizarraga" had not been named. See GER 106, 153, 163-69, 171-73; Exhibit 166.
 
 
 5
 3. The district court properly excluded Bernabe-Ramirez's declaration to the Mexican police. The statement could not be admitted as a prior consistent statement because it was made at a time when Bernabe-Ramirez had a motive to fabricate. United States v. Rohrer, 708 F.2d 429, 433 (9th Cir.1983).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3